## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **BANK OF AMERICA, N.A., a**<br>**national banking association,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| **v.** | )     **Case No. : 4:10 – cv – 00563** <br> ) |
| **ANALYTICS, INC., a Missouri**<br>**corporation,** *et al.*, | ) <br> ) <br> ) |
| **Defendants.** | ) |

### ORDER APPOINTING RECEIVER

This matter came before the Court on April 9, 2010 for consideration of the Emergency

Motion for Turnover of Collateral and for Appointment of a Receiver (the "Motion") filed by

Plaintiff Bank of America, N.A. ("Bank of America") on April 1, 2010.

Based on the Complaint and other matters in the record before the Court, the Court

FINDS as follows:

A.       On or about March 3, 2008, Defendants Analytics, Inc. (formerly known as

Chemir, Inc.), a Missouri corporation, Chemir Analytical Services, LLC (successor in interest to

Chemir Analytical Services, Inc.), a Missouri limited liability company, Azopharma Contract

Pharmaceutical Services, LLC (successor in interest to Azopharma Contract Services, Inc.), a

Missouri limited liability company, Aniclin Preclinical Services, LLC (successor in interest to

Amox, Inc.), a Missouri limited liability company, Avivoclin Clinical Services, LLC (successor

in interest to AvivoClin Clinical Services, Inc.) a Missouri limited liability company, and CAS-

MI Laboratories, LLC (successor in interest to Chemir and Pra Labs, Inc.), a Missouri limited

liability company, executed a certain Amended and Restated Loan Agreement (as amended, the

"Loan Agreement") with Bank of America. The Loan Agreement governs the terms and conditions of certain loans made by Bank of America to Defendants.

      B.     On or about March 3, 2008, Defendants or their predecessors and Bank of America entered into a certain Amended and Restated Security Agreement (as amended, the "Security Agreement"). In the Security Agreement, to secure their obligations under the Loan Agreement, Defendants granted Bank of America a security interest in all accounts, contract rights, chattel paper, instruments, deposit accounts, letter of credit rights, payment intangibles, general intangibles, inventory, machinery, furniture, fixtures, equipment, notes, documents, certificates of deposit, securities, and investment property of Defendants, whether then owned or thereafter acquired, and all proceeds thereof (the "Collateral").

      C.     Defendants failed to make payment of a portion of their obligations under the Loan Agreement when such obligations matured on October 31, 2009. Defendants also failed to make certain principal payments that were due under the Loan Agreement on November 30, 2009. Bank of America gave notice to Defendants of these and other defaults under the Loan Agreement on or about December 2, 2009.

      D.     Section 6(l) of the Security Agreement provides that, upon default by Defendants, Bank of America may "[h]ave a receiver appointed by any court of competent jurisdiction to take possession of the Collateral. Each [Defendant] hereby consents to the appointment of such a receiver and agrees not to oppose any such appointment."

      E.     Defendants believe that a contested hearing regarding the appointment of a receiver will be disruptive and not in the best interests of Defendants and their creditors. As a result, while Defendants do not consent to the appointment of a receiver, they do not oppose such relief.

                                      

F.      Pursuant to Federal Rule of Civil Procedure 66, this Court is empowered to appoint a receiver in the circumstances of this case.

G.      Bank of America has requested that Morris-Anderson & Associates, Ltd. be appointed as receiver.

H.      Defendants, by and through their attorneys, have waived service of the Complaint, the Motion, and the Memorandum in Support of Emergency Motion for Turnover of Collateral and for Appointment of a Receiver.

I.      Nothing contained in this Order shall prejudice or waive the rights or remedies of any party or its agents, employees, or representatives, to assert any claims or defenses it, he, or she may have in this or any other proceeding, except as expressly set forth herein.

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Motion is GRANTED to the extent that it requests appointment of a receiver, as provided in this Order. The Motion is WITHDRAWN AS MOOT, without prejudice, to the extent that it requests the turnover of the assets of certain Defendants to Bank of America.

2.      Morris-Anderson & Associates, Ltd. is hereby appointed, effective immediately, as receiver of the Collateral in the possession of Defendants Analytics, Inc., Aniclin Preclinical Services, LLC, Chemir Analytical Services, LLC, and CAS-MI Laboratories, LLC, and the division of Defendant Azopharma Contract Pharmaceutical Services, LLC that formerly was known as Cyanta Analytical Laboratories, Inc. prior to a merger in or about September 2009 (the "Receivership Borrowers"). In its capacity as receiver, Morris-Anderson & Associates, Ltd. is hereinafter referred to as the "Receiver."

3.      For purpose of maintaining the status quo, the Receiver is hereby authorized to take all actions reasonable and necessary to preserve and protect the following assets of the Receivership Borrowers:

3335147.9                                                                                              3

[A]ll accounts, contract rights, chattel paper, instruments, deposit accounts, letter of credit rights, payment intangibles, general intangibles, inventory, machinery, furniture, fixtures, equipment, notes, documents, certificates of deposit, securities, and investment property of the Receivership Borrowers, whether now owned or after acquired, and all proceeds thereof.

4.      Without limiting the foregoing, the Receiver is hereby authorized, among other things, to do any or all of the following:

(a)      to take immediate possession, custody, and control of the Collateral and of all books and records relating to the Collateral;

(b)      to arrange for appropriate security for the Receivership Borrowers' premises;

(c)      to collect and receive the proceeds of the Receivership Borrowers' accounts receivable and any and all other sums of money due or owing to the Receivership Borrowers that constitute or relate to the Collateral, whether the same are now due or shall hereafter become due and payable, and to hold any checks representing Collateral in kind or to deposit them in a bank account in the name of and under the control of the Receiver;

(d)      to operate, under any existing name or trade name or any new name deemed appropriate by the Receiver, any business heretofore operated by the Receivership Borrowers, to the extent that the Receiver determines such operation to be necessary or appropriate to maximize the value of the Collateral;

(e)      to retain, hire, or discharge individuals currently employed by the Receivership Borrowers; provided, however, that no such individual shall be deemed to be an employee of Bank of America and that the Receivership Borrowers shall have no liability for compensation, benefits, or taxes owed to or on account of any individual retained or hired by the Receiver with respect to services provided after the date of this Order;

3335147.9                                                4

(f)     to access any post office box maintained by the Receivership Borrowers, to open mail addressed to the Receivership Borrowers that the Receiver believes may contain payments on the Receivership Borrowers' accounts receivable or that otherwise may relate to the Collateral, and to indorse checks received by the Receivership Borrowers; provided, however, that the Receiver shall promptly turn over to the Receivership Borrowers any mail that does not relate to the Collateral;

(g)     to open accounts in the name of the Receiver in its capacity as Receiver at any federally-insured bank, which accounts shall be free from attachments, levies, or rights of setoff by any person;

(h)     to make such payments and disbursements from the funds in its custody, control, or possession, and to incur such expenses, as may be reasonably necessary or advisable in the course of discharging the duties specified in this Order;

(i)     to obtain advances of funds from Bank of America to the extent that the Receiver deems necessary or appropriate to preserve or protect the Collateral or the value of the Collateral, which advances, to the extent that they are reasonable and necessary, shall be added to the principal balance under the Loan Agreement;

(j)     to enter onto and to use real property owned or leased by the Receivership Borrowers to the extent necessary or appropriate to accomplish the Receiver's duties, consistent with the Receivership Borrowers' rights under any lease with any person that is not an insider or affiliate of the Receivership Borrowers;

(k)     to employ counsel and other professionals relating to the powers and authority granted in this Order;

(l)     to exercise any power generally available to a receiver under Missouri law incidental to the management of the Collateral; and

3335147.9                                                                          5

(m)      to do any other acts that the Receiver in its sole discretion deems appropriate
to protect and preserve the Collateral.

5.      In addition to the foregoing, the Receiver shall be authorized to market, sell, or
otherwise hypothecate or dispose of the Collateral, in its entirety or in one or more parcels
(collectively, a "Disposition"), in each case free and clear of all mortgages, security interests,
conditional sale or other title-retention agreements, pledges, liens, claims, judgments, demands,
unrecorded easements, charges, encumbrances, defects, options, rights of first refusal, rights of
reclamation, and restrictions of any kind (collectively, "Interests"). All such Interests shall
attach to the proceeds of a Disposition in the same priority, extent, and amount as such Interests
attached to the Collateral. No Disposition shall be final or effective, nor shall the proceeds of
such Disposition be disbursed to creditors of the Receivership Borrowers or others, until such
Disposition is approved by this Court following notice to (a) the parties to this case, (b) any
creditor of the Receivership Borrowers with a recorded Interest or an Interest of which the
Receiver otherwise has actual knowledge, and (c) any other person who has expressed to the
Receiver or to Bank of America an interest in purchasing the Collateral.

6.      The Receiver shall hold the proceeds of the Collateral and shall not pay such
proceeds to Bank of America absent a further order of this Court.

7.      The Receiver shall take possession of and receive from all depositories, banks,
brokerages, and otherwise (collectively, the "Financial Institutions"), and the Receivership
Borrowers shall turn over, any money on deposit in all Financial Institutions and related accounts
belonging to or arising from the operation of the Collateral, whether such funds be in accounts
titled in the name of the Receivership Borrowers or not (but excluding any monies paid to or held
by Bank of America). All Financial Institutions are directed to deliver such deposits to the
Receiver and such records as the Receiver may reasonably request with respect to such accounts.

The Receiver may indemnify a Financial Institution upon which such demand is made, and is empowered to open or close any such accounts.

8.      The Receivership Borrowers and their agents, servants, employees, attorneys, and all other persons acting in concert with them are hereby (a) enjoined and restrained from collecting the Receivership Borrowers' accounts receivable, from disposing of any Collateral, and from interfering in any manner with the Collateral or its possession by the Receiver; (b) directed to deliver to the Receiver as soon as practicable all books and records relating to the Collateral, or any part thereof, which they may have in their possession; and (c) ordered to cooperate with Bank of America in the transition of the management of the Collateral to the Receiver.  Notwithstanding the foregoing, Defendants shall continue to have reasonable access to the books and records of the Receivership Borrowers on the business premises of the Receivership Borrowers or such other premises under the control of the Receiver (subject to the right of the Receiver to require Defendants to review such books and records elsewhere to the extent that on-premises review may be impracticable or disruptive) so that Defendants may perform their various duties, including, without limitation, the preparation of tax returns or such other reports and documents as may be required by applicable law.  Nothing in this Order shall constitute a determination of the right, if any, of the Receivership Borrowers and their present or former agents, servants, employees, or attorneys to access trade secrets, customer lists, or other confidential information.

9.      The Receiver shall keep and maintain at all times complete and accurate books of accounts and records adequate to reflect the results of the Receiver's activities and shall provide reasonable access to summary information to Defendants upon their reasonable written request.  In addition, the Receiver shall provide Defendants with such other documents and information as may be agreed upon by the parties or as otherwise ordered by the Court.

3335147.9                                                                                          7

10. The Receiver is authorized to record this Order with any government office and to provide a copy of this Order to any person as it deems appropriate in furtherance of its responsibilities.

11. In connection with the discharge of their duties and responsibilities in this matter, the Receiver and all persons employed by or engaged by the Receiver shall not be liable for any loss or damage incurred by the Receivership Borrowers or any other person by reason of any act performed or omitted to be performed by them in good faith and in the exercise of ordinary care. In the performance of its duties, the Receiver shall be entitled to consult with counsel or other professionals retained by the Receiver, and the Receiver's reliance in good faith on the advice or opinion of such counsel or other professionals shall be considered in connection with any dispute concerning whether the Receiver has exercised ordinary care. Any such dispute shall be resolved in this Court. The Receiver shall be deemed to be a "fiduciary" as that term is referenced in 42 U.S.C. § 9607(n) and a "representative" as that term is referenced in § 427.031, RSMo. Any authority or rights granted to the Receiver shall be granted as a means to protect valid security or lienhold interests of Bank of America and other secured creditors in the Collateral.

12. The Receiver may, at any time, upon proper notice to the parties who may have appeared in this action, apply to this Court for further or other instructions and for further powers necessary to enable it to properly fulfill its duties as Receiver.

13. Within three (3) days after the entry of this Order, the Receiver shall serve copies of this Order on the Receivership Borrowers and any person of whom the Receiver is aware who may have or claim to have a lien on or a security interest in any of the Collateral. To the extent that the Receiver discovers the identity of additional such persons subsequently, the Receiver shall serve a copy of this Order on such persons promptly.

14.     The Receiver shall be compensated as follows: The Receiver will receive $325 to $525 per hour to serve in its role as receiver, plus reimbursement of all actual and necessary expenses.. The Receiver's compensation shall be paid weekly, without further order of this Court, (a) first, from any income generated by the Collateral, (b) second, from the proceeds of the liquidation of the Collateral, and (c) third, to the extent that the foregoing are insufficient, by Bank of America. The Receiver shall provide an itemized fee statement on a monthly basis to Bank of America and to Defendants. All compensation paid to the Receiver shall be subject to review by this Court on the motion of any party in interest, and the Court may order disgorgement of any amounts previously paid.

15.     The Receiver shall provide a written report of its actions and activity no less frequently than on a quarterly basis and shall provide such report to Bank of America, Defendants, and any other interested party requesting a copy thereof.

16.     Within five (5) days after the entry of this Order, the Receiver shall post with the Court a bond in the amount of $10,000 as security for its appointment as Receiver. The Court shall retain the bond until further order of the Court.

17.     The Court shall retain jurisdiction over this matter for all purposes and will order other and further relief that the Court deems appropriate under the circumstances.

SO ORDERED, this day of April 2010, at : .m. Central Daylight Time.

Rodney W. Sippel
United States District Judge

**Walsh, Brian**

| | |
|---|---|
| **From:** | Moed_AutoSend@moed.uscourts.gov |
| **Sent:** | Friday, April 09, 2010 3:49 PM |
| **To:** | MOED_ECF_Notification@moed.uscourts.gov |
| **Subject:** | Activity in Case 4:10-cv-00563-RWS Bank of America, N.A. v. Analytics, Inc. et al Order on Motion to Appoint Receiver |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

### Eastern District of Missouri (LIVE)

**Notice of Electronic Filing**

The following transaction was entered on 4/9/2010 at 3:49 PM CDT and filed on 4/9/2010
**Case Name:**  Bank of America, N.A. v. Analytics, Inc. et al
**Case Number:**  4:10-cv-00563-RWS
**Filer:**
**Document Number:** 18

**Docket Text:**
**ORDER APPOINTING RECEIVER Signed by Honorable Rodney W. Sippel on 4/9/10. (LAH)**


**4:10-cv-00563-RWS Notice has been electronically mailed to:**

Lloyd A. Palans  lapalans@bryancave.com, lmwilson@bryancave.com

Robert A. Breidenbach  rab@goldsteinpressman.com

Brian C. Walsh  brian.walsh@bryancave.com

**4:10-cv-00563-RWS Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1037221849 [Date=4/9/2010] [FileNumber=3324589-0]
[7904d325a7c1eca820daac890846767e94a1ee7e636e7c0c9948380cfe3ee001ea15
464881bfaa28c2f090a0c26e456f1505e2f6a88b6339a5394db777346dc7]]